# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-5126-GW(MRWx) | Date | August 2, 2018 |
|---|---|---|---|
| Title | *Keisha Jackson v. Family Dollar, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Marc L. Smith | Katherine S. Agbayani |

**PROCEEDINGS:** **PLAINTIFF'S MOTION FOR REMAND [14];**

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED [15]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. The Court deems the First Amended Complaint filed. The case will be remanded thereafter to state court (BC698915).

| | : | 11 |
|---|---|---|
| | Initials of Preparer | JG |

***Jackson v. Family Dollar, Inc.***; Case No. CV-18-5126-GW-(MRWx)
Tentative Rulings on: (1) Motion for Leave to File First Amended Complaint, and (2) Motion for Remand

**I. Background**

Keisha Jackson ("Plaintiff") filed this action against Family Dollar, Inc. ("Family") and Does 1 to 50 in the Superior Court for the County of Los Angeles on March 20, 2018. This is a slip-and-fall lawsuit, in which Plaintiff alleges that while shopping for pet food on March 22, 2016, she slipped on cat food on the floor of the pet food aisle. *See* Complaint ¶ 9. She asserted in her Complaint that "Defendants, and each of them, owed a duty to Plaintiff to keep the subject premises in a safe condition by, inter alia, providing a warning regarding the dangerous condition(s) or preventing/curing/removing the dangerous condition(s)." *Id.* ¶ 13; *see also id.* ¶¶ 16-19, 24-26.

On June 8, 2018, Family removed the case to this Court, asserting subject matter jurisdiction based on complete diversity pursuant to 28 U.S.C. § 1332. Plaintiff indicates that, on June 12, 2018, four days *after* the removal, she attempted to amend the Complaint in state court – a nullity due to the earlier removal. Plaintiff now moves for leave to amend her Complaint in order to add Mario Sandoval – an allegedly non-diverse party – as a defendant in this action, and then separately moves to remand the case to state court due to a resulting lack of diversity jurisdiction, pursuant to 28 U.S.C. § 1447(e).

**II. Analysis**

    A. <u>Amendment</u>

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In other words, where a non-diverse person or entity is permissibly substituted for a "Doe" defendant after removal, diversity jurisdiction is destroyed and the action must be remanded to state court. Thus, Section 1447(e) gives this Court only two options here – either deny Plaintiff's motion for leave to amend or permit the amendment adding Sandoval and remand the action to state court. *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

In her present motions, Plaintiff identifies Sandoval as the store manager on duty at the

time she suffered her fall, responsible for supervising the other employees who were on duty, for inspecting and maintaining the safety and cleanliness of the store, for preventing dangerous conditions from existing, and for warning the public of any dangerous conditions that might exist. The factual allegations concerning her fall, and the allegations identifying the allegedly-applicable duties all were present in Plaintiff's original Complaint. She asserts that she only became aware of Sandoval's name on June 12, 2018.

Family has not identified any reason (or supporting case authority) why Sandoval would be an improper defendant in this action,[1] and does not contest Plaintiff's assertion that she only recently learned of his identity. Both agents and employees may be liable for torts, whether or not their principal or employer is liable. *See* 5 Witkin, Summary of California Law (11th ed.), Torts § 34, at 151 ("An agent or employee is always liable for that person's own torts. This is so whether the principal or employer is liable or not."). While Family does argue that no facts are alleged in the FAC to establish what *independent* duty Sandoval had to Plaintiff, it offers no authority for the proposition that any duty Sandoval owed must, in fact, be independent of any duty that Family itself owed.

Under the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). But some courts have concluded that "the logic and policy of Rule 15(a) do not apply" in the case of a potentially diversity-destroying amendment, and that analysis is instead performed solely under 28 U.S.C. § 1447. *See Bakshi v. Bayer Healthcare, LLC*, No. C07-00881 CW, 2007 WL 1232049, *2 (N.D. Cal. Apr. 26, 2007); *see also Clinco v. Roberts*, 41 F.Supp.2d 1080, 1086-88 (C.D. Cal. 1999) (holding that amendment under Fed. R. Civ. P. 15(a) should not be permitted

---

[1] The parties address the question of the legitimacy of attempting to add Sandoval as a defendant as if it were governed by the "fraudulent joinder" doctrine. But the fraudulent joinder doctrine is applied to an *existing* defendant *as of the time of the removal* in order to attempt to discern whether that defendant is a "sham" defendant. *See Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1019 n.2 (C.D. Cal. 2002). Here, Plaintiff attempts to add Sandoval as a defendant *after* removal. Therefore, the issue is simply assessed by way of a normal analysis under Section 1447(e) – an analysis that does not contemplate the fraudulent joinder doctrine. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999); *see also* O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2017), ¶ 2:3658, at 2D-211 ("The fraudulent joinder doctrine . . . . does not apply to joinders that occur after an action is removed. [28 U.S.C.] Section 1447(e) gives defendant the opportunity to object to joinder of parties against whom no colorable claim can be asserted."); *cf. Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (concluding, in the course of determining jurisdiction at the time of removal, that non-diverse party named in state court action may be disregarded if federal court determines that party's joinder is a "sham" or "fraudulent" such that no possible cause of action has been stated against that party).

where to do so would destroy diversity after removal because it "would allow a plaintiff to improperly manipulate the forum of an action"); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F.Supp. 1024, 1026 (D. Nev. 1996) ("Rule 15(a) cannot be used to deprive the Court of jurisdiction over a removed action.").[2] Given the specific application of Section 1447(e) to just this procedural circumstance, this Court would agree.

Having reached that conclusion, several courts within this Circuit have also identified various factors which a court should take into consideration in deciding under section 1447 whether to permit an amendment which would add non-diverse defendants. *See, e.g.*, *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1020 (C.D. Cal. 2002) (identifying factors such as whether party sought to be joined is necessary party and would be joined under Fed. R. Civ. P. 19(a), whether statute of limitations would preclude original action against new defendant in state court, whether there has been an unexplained delay in requesting joinder, whether joinder is intended solely to defeat federal jurisdiction, whether denial of joinder will prejudice the plaintiff, and the strength of the claims against the new defendant); *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F.Supp.2d 1008, 1011 (N.D. Cal. 2000) (same); *see also* O'Connell & Stevenson, RUTTER GROUP PRAC. GUIDE: FEDERAL CIV. PRO. BEFORE TRIAL (The Rutter Group 2017), ¶¶ 2:3645-3651, at 2D-210; *Newcombe*, 157 F.3d at 691 (affirming, under abuse of discretion review, district court's decision to deny joinder after it had considered potential prejudice to plaintiff, "balanced the equities," "determined that no injustice would occur," concluded that desired defendant "was not a crucial defendant" because of the type of remedies sought, and noted that plaintiff could subpoena desired defendant to testify at trial and could proceed separately against that defendant in state court). Consideration of certain of these factors support allowing amendment (resulting in a subsequent remand) here. For instance, although the Court is not presently in position to conclusively assess this point, Plaintiff asserts – without opposition from Family (perhaps not surprisingly) – that she would face a statute-of-limitations problem if she attempted to file a new suit against Sandoval at this point. *See* Cal. Civ. Proc. Code § 335.1 (establishing two-year statute of limitations for "[a]n action for . . . injury to . . . an individual caused by the wrongful act or neglect of another").

---

[2] Unlike this case, *Clinco* and *Winner's Circle* both involved attempted amendments <u>prior to</u> the service of the defendant's responsive pleading, and thus the question of whether a plaintiff could amend "as a matter of course," as opposed to seeking leave to amend.

3

The Court also perceives no meaningful delay in Plaintiff seeking to amend, especially if Plaintiff is to be believed (addressed further, *infra*) that she (or her counsel) only learned of Sandoval's identity on June 12, 2018. Finally, as discussed briefly *supra*, a claim against Sandoval would appear to be legally valid, although whether Plaintiff can actually establish Sandoval's fault, and liability, is obviously difficult for the Court to predict at this stage.

On the other hand, Sandoval clearly is not a party "needed for just adjudication" under Rule 19(a), and Plaintiff makes no present effort to claim otherwise – the Court certainly can "accord complete relief" to Plaintiff in his absence and Sandoval has not been heard to "claim[] an interest relating to the subject of the action." *See* Fed. R. Civ. P. 19(a)(1)(A), (B); *see also* Docket No. 15, at 8:17-19. In addition, apart from the potential statute of limitations issue, there appears to be little threat of prejudice to Plaintiff from the Court denying her desired amendment – there is no demonstrated threat of Plaintiff being unable to recover, monetarily, from Family,[3] Sandoval could be sued (though perhaps not successfully, if the applicable statute(s) of limitation(s) is/are indeed a bar) in state court, and Sandoval seemingly would be subject to subpoena to testify in this action if the case were to proceed only against Family. Plaintiff does complain about the physical and financial burden that she asserts would be imposed upon her (especially considering her alleged injuries) should she be forced to pursue separate litigation. *See* Docket No. 15, at 12:10-24. But her concern about a statute-of-limitations bar appears to be fundamentally inconsistent with any belief that such separate litigation would be long-lived.

Because the already-discussed factors are neither overwhelmingly in favor of, nor against, allowing amendment, the Court might determine that the determinative factor here is whether or not Plaintiff appears to be attempting to add Sandoval simply to defeat federal jurisdiction. Plaintiff has an explanation for why Sandoval was not named in the litigation earlier – his identity was not known to Plaintiff (or at least Plaintiff's counsel). But the reason given for why Sandoval's identity remained a mystery might be deemed less-than-convincing, at least as set forth thus far. Plaintiff explains that the accident at Family's store left Plaintiff "unable to walk without assistance," and "her condition" made it "difficult" – presumably for Plaintiff's counsel – "to coordinate with Plaintiff." Docket No. 15, at 10:26-11:2; Declaration of

---

[3] Plaintiff states that "as recent history has taught, even the largest of our public companies are at risk of default," and therefore she "necessarily must pursue all significant avenues of recovery for her injuries." Docket No. 15, at 9:14-17. There is no information before the Court indicating that this concern is based on any actual information concerning Family's financial status.

Marc A. Smith (Docket No. 15), ¶ 4 ("Because of her condition, communication is difficult and must be carefully coordinated in order to meet with Plaintiff in person."); *id.*, ¶ 5 ("Because of the severity of the injuries, it took quite some time to obtain information relating to the incident, and it was not until recently that my office was able to determine the identity of all the defendants now proposed to be named in the First Amended Complaint."). It is at best unclear why Plaintiff's inability to walk without assistance made it difficult for her counsel to *communicate* with her, if that is all it would have taken for Plaintiff's counsel to learn of Sandoval's identity earlier. But Plaintiff also asserts that "critical documents identifying [Sandoval] has [*sic*] only recently been accessible from Plaintiff." Docket No. 15, at 11:2-3. If these documents were only recently accessible *from Family*, that would make the late identification of Sandoval relatively understandable. But Plaintiff asserts that they were "only recently . . . accessible *from Plaintiff*." *Id.* (emphasis added).

Family does not appear to have addressed the issue of the timing of Plaintiff's discovery of Sandoval's identity *at all*. This may be understood as a concession that there truly is nothing to be concerned about in this regard, and that the issues the Court has discussed are not reasons to doubt the purpose underlying Plaintiff's attempted amendment. However, given the specifics of Plaintiff's explanation, the Court may need to inquire further in order to understand what, exactly, she means about the delayed discovery of Sandoval's identity, and why Plaintiff's inability to walk without assistance would have necessarily precluded the transmission of any documents she had, or of any information those documents might have reflected, bearing on his identity.

If the Court determines that Plaintiff is not simply attempting to manipulate jurisdiction, the factors in general certainly could, on-balance, support allowing her to amend.

B. <u>Citizenship Issue</u>

Family asserts that the proposed FAC does not allege, and Plaintiff has not offered any evidence to establish, that Sandoval is a citizen of California. As this case is at the pleadings stage, Plaintiff need not provide *evidence* supporting any of her allegations. That being said, Family is correct that the proposed FAC does not allege Sandoval's citizenship, but merely his *residence*. *See* FAC ¶ 5. Citizenship, not residence, is the touchstone for diversity. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). However, it is clear from Plaintiff's current motion papers that she believes Sandoval is a diversity-destroying California *citizen*, *see,*

*e.g.*, Docket No. 15, at 6:8-13, and Family has given the Court no reason to believe that he – allegedly, a store manager working for Family in a store located in Los Angeles – is not. The Court presumes, therefore, that the current allegation in the FAC is in error and that Plaintiff would take the opportunity, if given, to correct her allegations in the proposed FAC before the Court would permit amendment.[4]

    C. The Result of the Analysis

Family requests that even if the Court permits Plaintiff to file the FAC, it nevertheless deny the motion to remand (relying on the fraudulent joinder doctrine). As noted above, that is not a choice that is available to the Court under Section 1447(e) (and, as noted *supra*, Footnote 1, the fraudulent joinder doctrine does not apply, in any event). If the Court allows amendment to add Sandoval (after allowing Plaintiff an opportunity to correct her allegation of Sandoval's mere California residence), it must remand the case to state court.

The Court would inquire further about the nature of/reason for the delay in identifying Sandoval. If it is satisfied that Plaintiff's explanation is consistent with her stated desire to amend for reasons other than manipulation of federal jurisdiction, it would allow her to amend (after asking that she cure her proposed FAC with respect to her current allegations of Sandoval's mere residence). If the Court allows Plaintiff to amend along these lines, it would then remand the case to state court.

---

[4] Plaintiff's suggestion/request, in her Reply, for a deposition on this point, would be unnecessary in that event. Again, this case is merely at the pleadings stage, and a good-faith basis for an *allegation* of citizenship suffices.